UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SHANE LARANGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-CV-352-PLR-CCS |
| ) | |
| JASON WOLFE, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the District Court's Order of Referral [Doc. 20].

Now before the Court is the Financial Affidavit [Doc. 19] filed by Plaintiff's counsel. The Court has reviewed the Financial Affidavit, along with the billing entries provided by counsel. Accordingly, the Court **RECOMMENDS** that the Plaintiff be awarded $6,127.50 in attorney's fees and $633.35 in costs.

**I.   BACKGROUND**

By way of background, the Plaintiff filed a Motion for Default Judgement [Doc. 8] on December 23, 2015. Subsequently, on March 4, 2016, the undersigned recommended [Doc. 12] that the Motion for Default be granted in part. Specifically, the undersigned recommended that the Defendant be adjudged to have violated the Lanham Act, 15 U.S.C. § 1051 and the Tennessee Consumer Protection Act and that the Defendant engaged in breach of contract and

fraudulent behavior. The undersigned set this matter for an evidentiary hearing to determine the amount of the judgment.[1]

The Plaintiff appeared before the Court on August 17 and August 24 for hearings on damages.[2] On September 9, 2016, the undersigned issued a Report and Recommendation [Doc. 18] with respect to damages. The undersigned recommended that an award of reasonable attorney's fees and costs be awarded to the Plaintiff but noted as follows:

> The Plaintiff requests a total of $7,858.85 in attorney's fees and costs. Counsel explained at the hearing that he billed at $225 per hour and that he spent approximately twenty hours on this case. However, counsel's billable rate multiplied by twenty hours results in $4,600.00, not the $7,858.85 that was requested. Accordingly, the Court **ORDERS** counsel to provide an affidavit and/or other such evidence of his billing records and costs within fourteen (14) days so that the Court may adequately consider the reasonableness of the requested fees and costs.

Plaintiff's counsel filed his Financial Affidavit [Doc. 19] on September 23, 2016. Subsequently, District Judge Reeves accepted in whole the September 9 Report and Recommendation [Doc. 21] and awarded Plaintiff reasonable attorney's fees and costs in an amount to be determined by the Court. In the Memorandum Opinion filed contemporaneously with the Judgment, Judge Reeves referred counsel's Financial Affidavit to the undersigned.

Accordingly, the only issue before the undersigned is the reasonableness of the attorney's fees and costs.

## II.  POSITIONS OF THE PARTIES

Counsel filed a Declaration [Doc. 19] explaining that his firm has represented the Plaintiff since August 4, 2015. The Declaration states that the Plaintiff paid $225.00 per hour for counsel's services and $75.00 per hour for a paralegal's services. Counsel explains that his firm

---

[1] This evidentiary hearing was continued at the request of the Plaintiff.
[2] Due to time constraints, the Court continued the August 17 hearing to August 24, 2016.

currently consists of him, a paralegal with 35 years of litigation experience, and an administrative assistant. Counsel submits that his hourly fee of $225.00 and his paralegal's hourly fee of $75.00 is reasonable in this geographic area. Counsel also explains his educational and professional background. Along with his Declaration, counsel submitted his firm's billing entries in this case.

**III. ANALYSIS**

The Plaintiff did not provide the total amount that he is seeking, but according to the Court's calculation, he billed $8,185.00 for legal services and $654.35 for costs. The Court has reviewed the Declaration and counsel's billing entries and recommends awarding $6,127.50 in attorney's fees and $633.35 in costs for a total amount of $6,760.85.

The Court will first address the reasonableness of the attorney's fees and then turn to Plaintiff's costs.

*(a) Attorney's Fees*

A determination of reasonable attorney's fees and costs is a discretionary inquiry. Killingsworth v. Ted Russell Ford, Inc., 104 S.W.3d 530, 534 (Tenn. Ct. App. 2002) (citing United Med. Corp. of Tenn. v. Hohenwald Bank & Trust Co., 703 S.W.2d 133, 137 (Tenn. 1986)). When determining the reasonableness of an award in cases governed by Tennessee law, including those governed by the Tennessee Consumer Protection Act, a court is to consider the factors laid out in the Tennessee Rules of Professional Conduct, including:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

3

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent;

(9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and

(10) whether the fee agreement is in writing.

Tenn. Sup. Ct. R. 8, R. of Prof. C. 1.5(a); <u>Killingsworth</u>, 104 S.W.3d at 534.

The Court has considered the above factors in evaluating the requested award in this case, and the Court recommends that a reduction is warranted. First, there are two individuals that billed in this case for which there is no evidence of whom they are or whether their fees are reasonable. Specifically, beginning on August 12, 2015, an individual with the initials "BLN" began billing time in this case. BLN charged $125.00 per hour and billed a total of 14.7 hours. In addition, an individual with the initials "DFP" charged $100.00 per hour and billed a total of 1.4 hours. In his Declaration, counsel represents that his and his paralegal's hourly fees are reasonable in this geographic area and judicial district; however, the Declaration does not mention the hourly rates of BLN or DFP, nor does the Declaration explain the identities or titles of these individuals. Accordingly, because there is no evidence before this Court as to the reasonableness of these fees, the Court recommends that the total amount requested be reduced

4

by $1,837.50 for BLN's charges ($125.00 * 14.7), and $140.00 for DFP's charges ($100.00 * 1.4).

In addition, the Court recommends that the hours submitted by the administrative assistant, Mariana L. Jantz, not be included in the award. Ms. Jantz charged $50.00 an hour and billed 1.6 hours to this case.[3] First, there is no evidence that Ms. Jantz's hourly rate of $50.00 is reasonable. As mentioned above, counsel's Declaration addresses his hourly rate and his paralegal's hourly rate, but it does not address his administrative assistant's hourly rate. Moreover, the Court finds such charges are overhead charges and should not be awarded, especially since counsel's fee request already includes time for a paralegal. Accordingly, the Court recommends that the total fee request be reduced by $80.00 (1.6 * $50.00) for Ms. Janet's charges.

Finally, the Court has reviewed counsel's hourly rate of $225.00, and his paralegal's hourly rate of $75.00. The Court finds that these rates per hour are reasonable within this District. Moreover, the Court has reviewed the hours expended in this case, and the Court finds that the hours are sufficiently documented and were reasonably expended on necessary pleadings and actions in this case.

*(b) Costs*

The Plaintiff has requested a total of $654.35 in costs. The Court has also reviewed the costs in this case and recommends that the costs be reduced.[4]

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—shall be allowed to the prevailing party." This "language creates a presumption in favor of

---

[3] The billing also includes an additional 2.8 hours for Ms. Jantz's attendance at the August 17 hearing [Doc. 19-1 at 23], but this time was not charged to the Plaintiff.

[4] Pursuant to Local Rule 54.1, a bill of costs should have been filed with the Clerk. Nevertheless, the Court will analyze the submitted costs in an effort to save judicial resources.

awarding costs, but allows denial of costs at the discretion of the trial court." Singleton v. Smith, 241 F.3d 534, 539 (6th Cir. 2001) (quoting White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986)). Rule 54(d)(1) costs "are confined to the costs itemized in 28 U.S.C. § 1920." In re Cardizem CD Antitrust Litig., 481 F.3d 355, 359 (6th Cir. 2007). Section 1920 provides that a court may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation for court appointed experts and interpreters, as well as costs for certain interpretative services.

The Court has reviewed the total costs requested in this matter and finds a reduction warranted. First, the Court will recommend that the costs enumerated in 28 U.S.C. § 1920 be awarded. Specifically, these costs include the $400.00 filing fee [Doc. 19-1 at 3], the $2.85 in printing costs [Doc. 19-1 at 6], and the $230.50 for copies of the exhibits that were used at the August 17 hearing [Doc. 19-1 at 24]. The Court has reviewed these costs and finds that they are reasonable and should be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920.

Counsel has also submitted costs for postage. Costs for postage is not specifically enumerated in 28 U.S.C. § 1920, and Plaintiff does not provide any explanation as to why he is entitled to be reimbursed for the costs of postage. Moreover, the Court finds that "[p]ostage is not a taxable cost because it is an administrative expense that represents the cost of doing business and is an expense generally incurred for a party's convenience." Doughty v. Tennessee Valley Towing, Inc., No. 5:04-CV–173–JHM, 2007 WL 3071524, at *3 (W.D. Ky. Oct. 19,

2007) (citation and quotation marks omitted); see also Hadix v. Johnson, 322 F.3d 895, 899 (6th Cir. 2003) (noting that postage is simply not a cost within the meaning of the rule). Accordingly, the Court will recommend that expenses for postage in the amount of $16.00 [Doc. 19-1 at 3, 6] be deducted.

Finally, counsel has also requested $5.00 for parking. [Doc. 19-1 at 25]. Although these costs were expended on August 17 and August 24, the dates of the hearings, counsel has not provided an explanation as to why he is entitled to parking fees. Malin v. JP Morgan Chase Bank, N.A., No. 3:11–CV–554, 2014 WL 820003, *3 (E.D. Tenn. Mar. 3, 2014) (noting that federal courts are bound by 28 U.S.C. § 1920 unless additional costs are explicitly provided for by statutory or contractual authorization). Accordingly, because there is no explanation as to why parking costs should be reimbursed by the Defendant, the Court recommends that the $5.00 in parking fees be deducted from the total amount of costs requested.

## IV.     CONCLUSION

For the reasons explained above, the Court **RECOMMENDS**[5] that the Plaintiff recovers $6,127.50 in attorney's fees and $633.35 in costs. The Court arrives at this calculation by beginning at the requested amount of attorney's fees ($8,185.00) and costs ($654.35) for the total amount of $8,839.35 and reducing as follows:

(1) BLN's charges from $1,837.50 to $0.00;

(2) DFP's charges from $140.00 to $0.00;

(3) Mariana Jantz's from $80.00 to $0.00;

---

[5] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

(4) Postage from $16.00 to $0.00;

(5) Parking from $5.00 to $0.00.

        Respectfully submitted,

         s/ C. Clifford Shirley, Jr.
        United States Magistrate Judge